**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MID-AMERICA CARPENTERS REGIONAL COUNCIL PENSION FUND, MID-AMERICA CARPENTERS REGIONAL COUNCIL HEALTH FUND, MID-AMERICA CARPENTERS REGIONAL COUNCIL SUPPLEMENTAL RETIREMENT FUND AND MID-AMERICA CARPENTERS REGIONAL COUNCIL APPRENTICE AND TRAINEE PROGRAM | ) | CIVIL ACTION |
| Plaintiffs, | ) | Case No. |
| v. | ) | |
| A. EPSTEIN INTERNATIONAL, INC. | ) | |
| Defendant. | ) | |

## COMPLAINT

Now come Plaintiffs, the Mid-America Carpenters Regional Council Pension Fund, et al., by their attorney, Travis J. Ketterman of Whitfield McGann & Ketterman, complaining of the Defendant, A. Epstein International, Inc., and allege as follows:

1. This action arises under Section 502 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") and Section 301 of the Taft-Hartley Act. (29 U.S.C. §§1132 and 185). Jurisdiction is founded on the existence of questions arising thereunder.

2. The Mid-America Carpenters Regional Council Pension Fund, the Mid-America Carpenters Regional Council Health Fund, the Mid-America Carpenters Regional Council Supplemental Retirement Fund and the Mid-America Carpenters Regional Council Apprentice and Trainee Program (collectively "Trust Funds") receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the Mid-America Carpenters Regional Council ("Union") and are, therefore, multiemployer plans. (29

U.S.C. §1002). The Trust Funds are administered at 12 East Erie, Chicago, Illinois and venue is proper in the Northern District of Illinois.

3. The Defendant is an employer engaged in an industry affecting commerce which entered into an Agreement whereby it agreed to be bound by the provisions of a Collective Bargaining Agreement.

4. The Collective Bargaining Agreement also binds the Defendant to the provisions of the Declarations of Trust which created the Trust Funds (the "Trust Agreements").

5. Section 2(d) of the Agreement between the Kankakee Contractors Association, Inc. and the Union states in relevant part:

> Any EMPLOYER who sublets any of the work coming within the jurisdiction of Carpenters shall assume the obligations of any subcontractor to the extent of Carpenter labor employed on work under contract with the EMPLOYER for prompt payment of Employee's Wages, Health and Welfare, Pension, Supplemental Retirement, Apprentice Training, Industry Advancement, Labor/Management Promotion and UBC National Fund contributions, including reasonable attorney fees incurred in enforcing the provisions hereof, provided the subcontractor is not bonded as provided for in Article II hereof.

6. The Defendant subcontracted scaffolding for the Gotion Plant in Manteno, Illinois to Designed Equipment in violation of Section 2(d) of the Agreement between the Kankakee Contractors Association, Inc. and the Union.

7. Plaintiffs have complied with all conditions precedent in bringing this suit.

8. Plaintiffs retained the undersigned attorneys to collect the monies that may be found to be due and owing from Defendant.

9. Pursuant to the provisions of the Trust Agreements and the Collective Bargaining Agreements, the Defendant is required to pay liquidated damages, auditor fees and all attorney fees and court costs incurred by the Trust Funds in the collection process.

10. Defendant is obligated to pay the auditor fees, attorney fees, and court costs incurred by the Plaintiffs pursuant to 29 U.S.C. §1132(g)(2).

11. Pursuant to 29 U.S.C. §1132(g)(2), Plaintiffs are entitled to an amount equal to the greater of:

(a) double interest on the unpaid contributions; or
(b) interest plus liquidated damages provided for under the Trust Agreements.

WHEREFORE, Plaintiffs pray:

A. That Defendant A. Epstein International, Inc. be ordered to produce the records necessary to determine the damages for the violation of Section 2(d) based on the subcontracting of scaffolding for the Gotion Plant in Manteno, Illinois to Designed Equipment;
B. That Defendant A. Epstein International, Inc. be ordered to pay the benefit contributions owed by the Defendant to the Trust Funds;
C. That Defendant A. Epstein International, Inc. be ordered to pay the attorney and auditor fees and costs incurred by the Plaintiffs;
D. That Defendant A. Epstein International, Inc. be ordered to pay liquidated damages and interest on the benefit contributions owed by the Defendant to the Trust Funds;
E. That Plaintiffs be granted such other and further relief as the Court deems just and equitable, all at the Defendant's cost.

Respectfully Submitted,

MID-AMERICA CARPENTERS REGIONAL COUNCIL PENSION FUND et al.

By: s/Travis J. Ketterman
TRAVIS J. KETTERMAN

Travis J. Ketterman
Whitfield McGann & Ketterman
111 East Wacker Drive, Suite 2600
Chicago, Illinois 60601
(312) 251-9700
August 28, 2026